

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00267-CV

---

EX PARTE STEPHANIE COREAN

---

ORIGINAL PROCEEDING ON WRIT OF HABEAS CORPUS

---

August 22, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Stephanie Corean petitions for a writ of habeas corpus. Through her petition, she attacks the alleged oral order incarcerating her for contempt without an ensuing written order or judgment. The trial court is the 47th Judicial District Court, Randall County, Honorable Dee Johnson, presiding. While due process requires both a judgment of contempt and an order of commitment to incarcerate one for civil constructive contempt and while a trial judge only may orally command that a party to be detained for a "short and reasonable" time to afford opportunity for said judgment order to be issued, *see In re Cook*, No. 07-18-00348-CV, 2018 Tex. App. LEXIS 8873, at *2 (Tex. App.—Amarillo Oct. 30, 2018, orig. proceeding) (mem. op.) (per curiam), we deny Corean's petition. In short, she failed to comply with applicable provisions of Texas Rule of Appellate Procedure 52.

1

For instance, Corean omitted from her petition the requisite certification under Rule 52.3(j).  TEX. R. APP. P. 52.3(j) (stating that the person filing the petition must certify that he or she reviewed the document and concluded that every factual statement therein is supported by competent evidence included in the appendix).  Nor did she comply with Rule 52.7(a)(2).  It requires the petitioner to either provide a properly authenticated transcript of any relevant testimony from any underlying proceeding or state that no testimony was taken relating to the matter.  *Id*. 52.7(a)(2).  Neither was done here, though the items accompanying the petition indicate that a hearing indeed was convened and evidence accepted on a motion to hold her in contempt.

To reiterate, we deny Corean's petition for writ of habeas corpus without prejudice. *See, e.g.*, *In re Posey*, No. 07-10-00467-CR, 2010 Tex. App. LEXIS 9574, at * 3–4 (Tex. App.—Amarillo Dec. 2, 2010, orig. proceeding) (mem. op.) (per curiam) (denying relief because, among other reasons, the petitioner omitted the Rule 52.3(j) certification and the Rule 52.7 transcript).  We further direct the Clerk of the Seventh Court of Appeals to immediately serve the trial court with a copy of this order in a manner actually notifying the trial court of the order.

Per Curiam